Mark F. Lovell 246652
mark.lovell@ogletree.com
Nikka Maleki 327838
nikka.maleki@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
695 Town Center Drive, 15th Floor
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendant
Airport Terminal Services, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULISES CLEMENTE RAMIREZ, an Individual<br><br>                    Plaintiff,<br><br>          vs.<br><br>AIRPORT TERMINAL SERVICES, INC. a California Corporation;  and DOES 1 to 100, inclusive.<br><br>                    Defendants. | Case No. 2:22-CV-07552<br><br>**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>*[Filed concurrently with Civil Cover Sheet; Certificate of Interested Parties; Corporate Disclosure Statement; Declaration of Brandy Wallace; and Notice of Related Cases]*<br><br>State Court<br><br>Action Filed:     September 9, 2022<br><br>Trial Date:       None Set |

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Airport Terminal Services, Inc. ("Defendant"), hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the grounds that there is complete diversity of citizenship between Plaintiff Ulises Clemente Ramirez ("Plaintiff"), a citizen of the State of California, and Defendant, a citizen of the State of Missouri; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in section 1332(a); and that the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds:

**I.    THE STATE COURT ACTION**

On or about September 9, 2022, Plaintiff filed an action against Defendant entitled "*Ulises Clemente Ramirez, an individual v. Airport Terminal Services, Inc., et al*.," in Los Angeles County Superior Court, Case Number 22TRCV00780 (the "Complaint"). A true and correct copy of the Summons; Complaint, Civil Case Cover Sheet, and all other documents served on Defendant, is attached hereto as **Exhibit "A."**

The Complaint asserts the following causes of action: (1) Wrongful Termination in Violation of Public Policy; and (2) Retaliation in Violation of Labor Code 6300. *See* Complaint.

On September 15, 2022, Plaintiff personally served on Defendant the Summons, Complaint, and all other documents attached as **Exhibit "A."**

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

On October 14, 2022, Defendant filed its Answer in Los Angeles County Superior Court. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit "B."**

## II.   REMOVAL IS TIMELY

A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

Here, removal is timely because Defendant is filing this Notice of Removal less than thirty (30) days after the effective date of service on Defendant. *See* Fed. R. Civ. P. 26.

## III.   COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

**Complete Diversity of the Parties Exists**. This Court has original jurisdiction over this action under 28 U.S.C. section 1332 and hence the action may be removed by Defendant pursuant to 28 U.S.C. section 1441. Original jurisdiction exists here because no defendant is a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs. The parties to this action are diverse, as detailed below:

**Plaintiff is a Citizen of California**. Plaintiff is, and was at all times relevant to this action, a citizen of the State of California. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is a citizen of the State of California and is domiciled in California and was so domiciled at the time of filing of the Complaint. (Compl., ¶ 1 [Ex. A]; Declaration of Brandy Wallace ("Wallace Decl."),

¶ 7.)  S*ee Kyung Park v. Holder*, 572 F.3d 619, 624–25 (9th Cir. 2009) (current residence and place of employment are evidence of the intention to remain); *see also Heinz v. Havelock*, 757 F. Supp.1076, 1079 (C.D. Cal. 1991) (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of her last residence at the time a suit was filed).

**Defendant is a Citizen of Missouri**.  Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The Supreme Court established the proper test for determining the principal place of business of a corporation for purposes of diversity jurisdiction.  *See Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court held that "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters -- provided that the headquarters is the actual center of direction, control and coordination." *Id.*

Defendant was at the time the Complaint was filed, and still is, incorporated in the State of Missouri. (Wallace Decl., ¶ 2.)

Defendant's principal place of business, and the location from which its high-level officers direct, control and coordinate the corporation's activities, was at the time the Complaint was filed, and still is, located at the company's headquarters in Saint Louis, Missouri. (Wallace Decl., ¶ 2-4.)

The high-level corporate officers for Defendant, such as the Chief Executive Officer and President and the Chief Financial Officer have their offices located at the corporate headquarters in Cleveland, Ohio. These high-level corporate officers located in Saint Louis, Missouri are responsible for the direction, control and coordination of the activities covered by their respective offices. (Wallace Decl., ¶ 2-4.)

Defendant, by and through its high ranking officers and their supporting management personnel whose offices are also located in Saint Louis, Missouri, directs, controls and coordinates activities which include, but are not limited to, the following: (1) matters relating to the financing of Defendant's operations; (2) advertising and marketing, including media relations; (3) directing general business strategy and operation; (4) compliance with state and federal laws and legal services associated with such matters; and (5) the size and composition of Defendant's workforce. The books and records relating to these, and other matters which are directed, controlled, and coordinated from the headquarters offices in Saint Louis, Missouri are maintained at the corporate headquarters. (Wallace Decl., ¶ 2-4.) Simply put, Defendant's center of "direction, control and coordination" is located in the State of Missouri.

Further, Defendant does business in a number of states and does not conduct the substantial predominance of its business in any single state. (Wallace Decl., ¶ 5.)  *See Montrose Chemical v. American Motorists Ins. Co*., 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

Thus, for diversity purposes, Defendant must be considered a citizen of Missouri, its state of incorporation, and where its principal place of business is located.

**Complete Diversity Among The Parties Exists**.  Defendant is the only named defendant in this action.  There is no requirement for anyone else to join in this removal.  The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(a).

Complete diversity among the parties not only exists now, but did also at the time of the filing of this action. This Court has original jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 (a) and 1441(a), in that Plaintiff

is a citizen of California and the only Defendant is not a citizen of California. As a result, complete diversity between Defendant and Plaintiff exists.

## IV.     THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000, EXCLUSIVE OF INTEREST AND COSTS

This Court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interests and costs.

Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, special damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980-81 (9th Cir. 2005). These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.").

This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below. Defendant discusses below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000.00. In

6

doing so, Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his legal theories.

In his Complaint, Plaintiff seeks numerous damages. Specifically, in Plaintiff's prayer for relief, on his first and second cause of action separately, he seeks general and special damages **in an amount exceeding $250,000.00 each**. (Compl.; Prayer for Relief [Ex. A].) This undoubtedly exceeds the amount in controversy.

Plaintiff further seeks other unenumerated penalties and statutory attorney's fees and costs, which are available to Plaintiff based on his claims. (Compl.; Prayer for Relief [Ex. A].) When authorized by statute, attorney's fee claims are also properly considered in determining the amount in controversy. Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorney's fees may be included in the amount in controversy if recoverable by statute or contract).

As the alleged damages exceed this Court's jurisdictional limit and as the parties are of diverse citizenship, removal is proper

## V.    <u>FEDERAL QUESTION JURISDICTION 28 U.S.C. § 1441(B) AND (C)</u>

This case is also a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one that may be removed by Defendants pursuant to 28 U.S.C. § 1441(b).

Plaintiff's Wrongful Termination causes of action against Defendants are based on the following federal law: 29 U.S.C § 654. (Compl., ¶ 18 [Ex. A])

Pursuant to 29 U.S.C § 654, this Court has supplemental jurisdiction over the state law causes of action in Plaintiff's Complaint because the state law claims are transactionally related to Plaintiff's first cause of action for "Wrongful Termination In Violation of Public Policy." (Complaint, ¶¶ 17-22.) The state law causes of action derive from the same common nucleus of operative fact as the federal cause of action. Accordingly, removal is also proper on federal question grounds. *See Emich v. Touche*

1    *Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988); *see also United Mine Workers of*

2    *America v. Gibbs*, 383 U.S. 715, 725 (1966).

3           Pursuant to 28 U.S.C. § 1441(c), whenever a claim or cause of action is brought

4    under a federal law for which this Court has original jurisdiction, and is joined with

5    one or more otherwise non-removable claims or causes of action, the entire case may

6    be removed.

7           Accordingly, Plaintiff's lawsuit is removable to this Court under federal

8    question jurisdiction. *See Emich*, 846 F.2d at 1196.

9    **VI.    <u>VENUE IS PROPER</u>**

10          In accordance with United States Code, Title 28, Section 1441(a), this Notice

11   of Removal is filed in the district court of the United States in which the action is

12   pending.  The Superior Court of California, County of Los Angeles is located within

13   the Central District of California.  28 U.S.C. § 84(c)(1).  Therefore, venue is proper in

14   this Court because it is the "district and division embracing the place where such action

15   is pending."  28 U.S.C. § 1441(a).

16   **VII.   <u>THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET</u>**

17          In accordance with 28 U.S.C. §1446(a), this notice of removal is accompanied

18   by **Exhibit "A**," which includes copies of all process, pleadings, and orders served

19   upon Defendant.

20          As required by 28 U.S.C. §1446(b), the Notice of Removal was filed within 30

21   days after the Summons and Complaint was deemed served on Defendant.   *Hardy v.*

22   *Square D Co.*, 199 F.Supp.2d 676, 680 (6th Cir. 2002).

23          In accordance with 28 U.S.C. §1446(d), Defendant will give written notice of

24   the original removal of this action to Plaintiff via his counsel and file a copy of that

25   Notice with the Superior Court of California, Los Angeles.

26

27

28

8

1

## VIII.  CONCLUSION

2

Because this civil action is between citizens of different states and the matter in

3

controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully

4

requests that this Court exercise its removal jurisdiction over this action.

5

Accordingly, Defendant removes the above-entitled action to this Court.  In the

6

event this Court has a question regarding the propriety of this Notice of Removal,

7

Defendant requests that it issue an Order to Show Cause so that it may have an

8

opportunity to more fully brief the basis for this removal.

9

10

11

DATED:  October 17, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

12

13

14

By:  */s/ Nikka Maleki*

15

Mark F. Lovell
Nikka Maleki

16

Attorneys for Defendant

17

Airport Terminal Services, Inc.

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

*Ulises Clemente Ramirez v. Airport Terminal Services, Inc.*
Case No. 2:22-CV-07552

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On October 17, 2022, I served the following document(s):

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(State)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 17, 2022, at Costa Mesa, California.

_____
Nieka Caruthers-Dodson

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

53320709.v1-OGLETREE

1
2

**SERVICE LIST**
*Ulises Clemente Ramirez v. Airport Terminal Services, Inc.*
Case No. 2:22-CV-07552

3
4
5
6
7

Gregory P. Wong                                    Attorneys for Plaintiff
John F. Litwin                                     Ulises Clemente Ramirez
BARKHORDARIAN LAW FIRM, PLC
6047 Bristol Parkway, Second Floor
Culver City, CA  90230
Telephone: 323.450.2777
Email: john@barklawfirm.com

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332 AND 1441