Electronically FILED by Superior Court of California, County of Los Angeles on 10/14/2022 04:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by P. Perez, Deputy Clerk

Mark F. Lovell 246652
mark.lovell@ogletree.com
Nikka Maleki 327838
nikka.maleki@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:    714-800-7900
Facsimile:    714-754-1298

Attorneys for Defendant
Airport Terminal Services, Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ULISES CLEMENTE RAMIREZ, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>AIRPORT TERMINAL SERVICES, INC. a California Corporation;  and DOES 1 to 100, inclusive.<br><br>Defendants. | Case No. 22TRCV00780<br><br>**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO COMPLAINT**<br><br>[Assigned for all purposes to The Honorable Gary Y. Tanaka, Dept. B]<br><br>Action Filed:     September 9, 2022<br>Trial Date:       None Set |

TO PLAINTIFF ULISES CLEMENTE RAMIREZ AND HIS ATTORNEYS OF RECORD:

Defendant Airport Terminal Services, Inc. ("Defendant") hereby answers Plaintiff Ulises Clemente Ramirez's ("Plaintiff") complaint for damages as follows:

### GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies each allegation contained in the Complaint and specifically denies that Plaintiff has sustained damages in any manner or amount at all, by reason of any act, breach or omission by Defendant.  Without waiving or excusing Plaintiff's own burdens of proof and production of evidence, Defendant alleges,

as and for its affirmative defenses to all causes of action purported to be set forth against it in the Complaint, as follows:

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.  The Complaint and each cause of action purportedly contained therein fails to state facts sufficient to constitute a cause of action upon which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction/Failure to Exhaust Administrative Remedies)

2.  The Complaint and/or each cause of action are barred on the grounds and/or to the extent Plaintiff failed to properly exhaust administrative and/or procedural remedies and/or prerequisites.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

3.  The Complaint is barred by the doctrine of unclean hands because of Plaintiff's conduct and actions.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

4.  The Complaint is barred because Plaintiff is estopped from asserting each of the claims alleged therein.

### FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5. The Complaint is barred because Plaintiff has waived the right, by reason of Plaintiff's conduct and actions, to assert each of the claims alleged herein.

### SIXTH AFFIRMATIVE DEFENSE

### (Consent)

6. The Complaint is barred because Plaintiff consented and acquiesced to the alleged acts of which Plaintiff now complains.

### SEVENTH AFFIRMATIVE DEFENSE

### (Justification)

7. Plaintiff's Complaint is barred because Defendant's actions were, and are, justified by legitimate, lawful business considerations.

### EIGHTH AFFIRMATIVE DEFENSE

### (Business Judgment)

8. Plaintiff's Complaint is barred because Defendant's decisions were, and are, based on good-faith business judgment.

### NINTH AFFIRMATIVE DEFENSE

### (No Knowledge of Misconduct)

9. The Complaint is barred because Defendant did not know, and have no way of knowing, about any alleged misconduct.

### TENTH AFFIRMATIVE DEFENSE

### (No Ratification)

10. Defendant is not liable for damages because if any person engaged in intentional, willful, or unlawful conduct as alleged in Plaintiff's Complaint, he or she did so without the knowledge, authorization, or ratification of Defendant.

///

///

///

## ELEVENTH AFFIRMATIVE DEFENSE
### (Outside Scope of Employment)

11. Plaintiff's Complaint is barred because, if the alleged conduct occurred, it occurred outside the normal course and scope of employment of the agents or employees of Defendant, if any, and was not authorized or ratified by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE
### (Exclusivity of Workers' Compensation Laws)

12. The Complaint is barred, in whole or in part, by the exclusivity provisions of the California Workers' Compensation Act, Labor Code section 3600, et seq.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Bad Faith and Frivolous Action)

13. The Complaint, and each alleged cause of action contained therein, to the extent that it was brought by Plaintiff in bad faith and is frivolous, and by reason of the conduct stated herein, Defendant is entitled to, and will seek, reasonable expenses, including attorneys' fees, incurred in defending this action pursuant to California *Code of Civil Procedure* Section 128.7 and/or any other applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Legitimate, Non-Discriminatory/Non-Retaliatory Reason)

14. Any recovery on the Complaint is barred in whole or in part on grounds that any actions taken by Defendant were reasonable in response to legitimate business necessities, and were taken for legitimate nondiscriminatory and/or non-retaliatory reasons.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Same Decision)

15. The Complaint is barred because Defendant would have made the same decisions related to Plaintiff regardless of any alleged retaliatory or discriminatory bias or motive.

///

///

///

### SIXTEENTH AFFIRMATIVE DEFENSE

**(After Acquired Evidence)**

16. Plaintiff's purported causes of action are barred, in whole or in part, by the after-acquired evidence doctrine.

### SEVENTHEETH AFFIRMATIVE DEFENSE

**(Lack of Proximate Cause)**

17. Plaintiff's claims for damages are barred because such damages, if any, were not the result of acts, representations, or omissions of Defendant and/or its agents.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Avoidable Consequences)**

18. Plaintiff's prayers for general, special, compensatory, and/or punitive damages regarding each cause of action stated in Plaintiff's Complaint are barred under California law by the doctrine of avoidable consequences, as set forth in *State Department of Health Services v. Superior Court* (*McGinnis*) (2003) 31 Cal.4th 1026, on the grounds that Plaintiff unreasonably failed to make use of his employer's anti-discrimination procedures by failing to timely and properly report any alleged discrimination or other unlawful behavior and Plaintiff's damages would have been avoided in whole or in part by reasonable use of these procedures.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Comparative Fault)**

19. Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because any damages allegedly suffered by Plaintiff were directly and proximately caused by and/or contributed to by Plaintiff's own negligence and/or comparative fault, or the negligence and fault of other persons or entities, and, therefore, any recovery by Plaintiff against Defendant should be offset, diminished, and reduced in accordance with the principles of comparative fault.

### TWEENIETH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

20. The Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate damages as required by law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Offset)**

21. To the extent Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendant denies, then Defendant is entitled to an offset to the extent that Plaintiff received income from other sources, including Workers' Compensation, California State Disability Insurance benefits, or alternative and/or subsequent employment.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Mixed Motive)**

22. Assuming, arguendo, that there was a violation of law, the answering Defendant alleges that the Complaint is barred because even without any said impermissible factor, all employment actions taken herein still would have been taken due to legitimate, nonprohibited, and/or independent reason(s). Defendant herewith raises the "mixed-motive" defense.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Unconstitutional to Recover Punitive Damages)**

23. Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Facts Alleged Insufficient to Support Claim for Punitive Damages)**

24. Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages or to show that Defendant engaged in oppressive, fraudulent or malicious conduct.

**RIGHT TO ADD ADDITIONAL AFFIRMATIVE DEFENSES**

Because the Complaint is couched in broad and conclusory terms, and Defendant has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiff, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly the

right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays as follows:

1. That judgment be entered in favor of Defendant, and against Plaintiff;
2. That the Complaint be dismissed in its entirety with prejudice;
3. That Defendant be awarded the costs of suit; and
4. For such other and further relief as the Court deems just and proper.

DATED: October 14, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Mark F. Lovell
Nikka Maleki

Attorneys for Defendant
Airport Terminal Services, Inc.

**PROOF OF SERVICE**
*Ulises Clemente Ramirez v. Airport Terminal Services, Inc.*
Case No. 22TRCV00780

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On October 14, 2022, I served the following document(s):

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 14, 2022, at Costa Mesa, California.

_____
Nieka Caruthers-Dodson

**SERVICE LIST**
*Ulises Clemente Ramirez v. Airport Terminal Services, Inc.*
Case No. 22TRCV00780

| | |
|---|---|
| Gregory P. Wong | Attorneys for Plaintiff |
| John F. Litwin | Ulises Clemente Ramirez |
| BARKHORDARIAN LAW FIRM, PLC | |
| 6047 Bristol Parkway, Second Floor | |
| Culver City, CA  90230 | |
| Telephone: 323.450.2777 | |
| Email: john@barklawfirm.com | |