Mark F. Lovell, CA Bar No. 246652
mark.lovell@ogletree.com
Allison R. De La Riva, CA Bar No. 322487
allison.delariva@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendant
Airport Terminal Services, Inc.

[*Plaintiff's Counsel on Next Page*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ULISES CLEMENTE RAMIREZ, an Individual,<br><br>    Plaintiff,<br><br>    v.<br><br>AIRPORT TERMINAL SERVICES, INC., a California Corporation; and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No. 2:22-cv-07552 ODW (JCx)<br><br>**JOINT RULE 26(F) REPORT**<br><br>Complaint Filed: September 9, 2022<br>Trial Date: None Set<br>District Judge: Hon. Otis D. Wright, II<br>Magistrate Judge: Hon. Jacqueline Chooljian |

JOINT RULE 26(F) REPORT

Gregory P. Wong, CA Bar No. 204502
John F. Litwin, CA Bar No. 301611
BARKHORDARIAN LAW FIRM, PLC
6047 Bristol Parkway, Second Floor
Culver City, CA 90230
Telephone: (323) 450-2777
Facsimile: (310) 215-3416
Email: John@barklawfirm.com

Attorneys for Plaintiff Ulises Clemente Ramirez

Case No. 2:22-cv-07552 ODW (JCx)
JOINT RULE 26(F) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's October 10, 2022 Scheduling Meeting of Counsel and Scheduling Conference Order, Plaintiff Ulises Clemente Ramirez ("Plaintiff") and Defendant Airport Terminal Services, Inc. ("Defendant") (collectively, the "Parties") submit the following Joint Rule 26(f) Report in advance of the scheduling conference on January 9, 2023.

## I.    JURISDICTION AND SERVICE

Defendant was served with a copy of the Summons and Complaint. Defendant filed a Notice of Removal to the United States District Court for the Central District of California on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as well as original jurisdiction pursuant to 28 U.S.C. § 1331.

## II.    STATEMENT OF THE CASE

### A.    Plaintiff's Statement

Plaintiff asserts causes of action against Defendant for wrongful termination in violation of public policy and retaliation in violation of California Labor Code section 6300 *et seq*. Plaintiff alleges that during the course of Plaintiff's employment as a "ramp supervisor" for Defendant's airport services company, Plaintiff complained to his supervisors on several occasions regarding a pattern and practice of safety violations by Defendant's other employees, in particular failing to maintain or display proper identification. In retaliation, Defendant's terminated Plaintiff's employment. Plaintiff contends any stated reason for Plaintiff's termination was a pretext.

### B.    Defendant's Statement

Plaintiff asserts causes of action against Defendant for wrongful termination in violation of public policy and retaliation in violation of California Labor Code section 6300 *et seq*. Defendant generally denies Plaintiff's allegations, denies any wrongdoing, and denies that it is liable to Plaintiff in any way. Plaintiff was terminated for legitimate, non-retaliatory reasons related to his performance. Defendant denies that Plaintiff is entitled to any damages alleged in his Complaint.

///

### III.    PRINCIPAL LEGAL ISSUES

The Parties currently believe that the principal legal issues in this case are

(1) whether Defendant wrongfully terminated Plaintiff in violation of public policy;

(2) whether Defendant retaliated against Plaintiff in violation of California Labor Code section 6300 *et seq.*

(3) whether Plaintiff suffered any damages as a result of any alleged wrongful conduct; and

(4) whether Plaintiff met his obligations related to mitigation of any alleged damages.

### IV.    ADDITIONAL PARTIES

The Parties do not anticipate that any additional parties will be named in this action at this time.

### V.    DISCOVERY

#### A.    Status of Discovery

Discovery has not yet commenced, but the Parties intend to propound initial written discovery to each other in December 2022.

#### B.    Discovery Plan

1.    The Parties have agreed to exchange their Initial Disclosures by December 30, 2022.

2.    At this time, the Parties do not foresee the need for discovery to be conducted in phases or be limited or focused on particular issues.

3.    At this time, the Parties do not foresee that any issues are likely concerning the disclosure of electronically stored information. The Parties agree to meet and confer in good faith should any issues related to electronically stored information arise.

4.    The Parties do not currently anticipate the need for any changes in the timing, form, or requirements for disclosure of discovery set forth under

Rule 26(a).

5.    The Parties contemplate taking the depositions of Plaintiff and other percipient witnesses, including select personnel of Defendant and other individuals identified by Plaintiff and Defendant in support of their claims/contentions.

6.    Plaintiff anticipates conducting discovery as to the facts surrounding Plaintiff's complaints of safety violations, and Defendant's decision to terminate his employment, Plaintiff's damages, and Defendant's asserted defenses. Plaintiff anticipates taking the deposition of Defendant's Person(s) Most Knowledgeable, and any percipient witnesses identified by Plaintiff and Defendant.

7.    Defendant anticipates conducting discovery as to the elements of Plaintiff's claims and alleged damages, and any defenses that may be asserted with respect thereto. Defendant intends to issue subpoenas for records and thereafter depose Plaintiff and any percipient witnesses, if any, to be completed by the discovery cut-off date.

8.    The Parties anticipate conducting discovery and/or deposing any expert witnesses in accordance with the California Code of Civil Procedure.

9.    The Parties agree to a protective order regarding sensitive, confidential, and/or proprietary business information and/or third-party information, if necessary. Although the Parties do not currently anticipate any specific issues regarding claims of privilege or trial preparation material, the Parties agree that, if such claims are asserted in discovery, the Parties will meet and confer regarding the need for a stipulated protective order to protect the confidential information.

10.    The Parties anticipate that the initial rounds of written discovery will be completed no later than April 2023 and depositions will be completed no later than August 2023 and all discovery will be completed in advance of

the proposed discovery cut-off deadline.  The Parties propose that the discovery cut-off deadline be November 15, 2023.

11.    The Parties agree to meet and confer in good faith about their respective positions regarding discovery and will attempt to resolve all discovery disputes informally, if possible.

12.    The Parties agree to grant reasonable requests for discovery extensions.

**C.    Proposed Schedule**

1.    Percipient/Fact Discovery Cut-Off: November 15, 2023;

2.    Expert Discovery Cut-Off: December 22, 2023;

3.    Dispositive Motion Cut-Off: October 26, 2023;

4.    Final Pre-Trial Conference: January 12, 2024; and

5.    Trial: February 13, 2024.

**VI.    MOTIONS**

**A.    Plaintiff's Statement**

While Plaintiff does not believe this matter is likely to be well-suited for summary disposition, Plaintiff reserves the right to file a motion for full or partial summary judgment/adjudication and believes the principle issues related to liability, including the issue of punitive damages.  Plaintiff further anticipates filing motions in limine and any other motion required for the efficient resolution of this matter.

**B.    Defendant's Statement**

Defendant reserves the right to file a motion for full or partial summary judgment/adjudication and believes the principle issues related to liability, including the issue of punitive damages, can be determined via a dispositive motion.  Defendant further anticipates filing motions in limine and any other motion required for the efficient resolution of this matter.

**VII.    SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

No specific settlement discussions have commenced. However, the Parties are agreeable to private mediation and will work together to schedule a private mediation

JOINT RULE 26(F) REPORT

at an appropriate time.   Pursuant to Local Rule 16-15.4, the Parties select ADR Procedure No. 3.

## VIII.  **JURY TRIAL ESTIMATE**

Plaintiff has demanded a jury trial.   The Parties estimate that the trial in this matter will last approximately five days, excluding voir dire. The Parties propose that the Final Pre-Trial Conference be held on January 12, 2024 and that Trial commence on February 13, 2024.

## IX.  **MANUAL FOR COMPLEX LITIGATIONS**

The Parties do not anticipate utilizing any of the procedures set forth in the Manual for Complex Litigation.

## X.  **OTHER ISSUES AFFECTING STATUS OR MANAGEMENT OF CASE**

The Parties do not foresee any issues affecting the status or management of this case at this time.

## XI.  **PROPOSALS REGARDING SEVERANCE, BIFURCATION, OR OTHER ORDERING OF PROOF**

Defendant will move to bifurcate the issue of punitive damages.  Otherwise, at this time, the Parties do not intend to propose severance, bifurcation, or other ordering of proof.

///

///

///

## XII. LIKELIHOOD OF PLEADING AMENDMENTS

The Parties do not anticipate amendment of the pleadings at this time, but reserve the right to do so.

DATED: December 28, 2022        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Allison R. De La Riva*
    Mark F. Lovell
    Allison R. De La Riva
    Attorneys for Defendant
    Airport Terminal Services, Inc.


DATED: December 28, 2022        BARKHORDARIAN LAW FIRM, PLC


By: */s/ John F. Litwin*
    Gregory P. Wong
    John F. Litwin
    Attorneys for Plaintiff
    Ulises Clemente Ramirez

1

2

3

## **Attestation Pursuant to Local Rule 5-4.3.4(a)(2)(i)**

4

5

6

       Pursuant to Central District Local Rule 5-4.3.4(a)(2)(i), I attest and certify that all signatories to this document, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

7

8

9

Date: December 28, 2022        By:   ***/s/ Allison De La Riva***
                                           Allison R. De La Riva

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:22-cv-07552 ODW (JCx)

JOINT RULE 26(F) REPORT

**PROOF OF SERVICE**

*Ulises Ramirez v. Airport Terminal Services, Inc.*
Case No. 2:22-cv-07552 ODW (JCx)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On December 28, 2022, I served the following document(s):

**JOINT RULE 26(F) REPORT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☐ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ **(Federal)** I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 28, 2022, at Costa Mesa, California.

*/S/ Alba DonJuan*
Alba DonJuan

# SERVICE LIST

Gregory P. Wong, Esq.                          Attorneys for Plaintiff Ulises Clemente
John F. Litwin, Esq.                           Ramirez
BARKHORDARIAN LAW FIRM, PLC
6047 Bristol Parkway, Second Floor
Culver City, CA 90230
Telephone: 323-450-2777
Email: john@barklawfirm.com